**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARGARITA HANNAWAY** | § | |
| | § | |
| **V.** | § | **A-10-CV-714-LY** |
| | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Clerk's Docket No. 19); Plaintiff's Response to Defendant's Partial Motion to Dismiss (Clerk's Docket No. 21); and Defendant's Reply in Support of its Partial Motion to Dismiss (Clerk's Docket No. 23).

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   GENERAL BACKGROUND

On August 29, 2006, Plaintiff Margarita Hannaway ("Plaintiff") entered into a loan transaction with Fremont Investment and Loan ("Fremont")[1] for a home equity loan ("Loan") in the

---

[1] The Loan listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the Loan and as the nominee for Fremont and its' successors and assigns. Exhibit A to Plaintiff's Response.

amount of $160,000, which was secured by a lien on Plaintiff's homestead in Austin, Texas. *See* Exhibit A to Plaintiff's Response. In conjunction with the Loan, the Parties also executed a Texas Home Equity Adjustable Rate Rider and Texas Home Equity Affidavit which explained that the interest rate for the Loan would initially be 8.2%, but that the rate could change from 8.2% to 14.2%. After Plaintiff began falling behind on her Loan payments, she entered into a loan modification agreement with Fremont on April 3, 2008, which changed the adjustable interest rate to a fixed rate of 5% on the outstanding loan balance of $169,375.85. *See* Exhibit B to Plaintiff's Response. On July 8, 2009, MERS assigned the Loan to Deutsche Bank National Trust Company ("Deutsche"). See Exhibit C to Plaintiff's Response.

After Plaintiff defaulted on her Loan payments, Deutsche filed an Application for Home Equity Foreclosure Order in state court on November 2, 2009, seeking an order of foreclosure on Plaintiffs' homestead pursuant to Texas Rules of Civil Procedure 736. *See* Exhibit D to Plaintiff's Response (*In re Order of Foreclosure*, No. D-1-GN-09-003770 (261st Dist. Ct., Travis County, Tex. Nov. 2, 2009)). Approximately one year later, on September 2, 2010, Plaintiff filed her own lawsuit against Deutsche in state court alleging common law fraud, negligent misrepresentation, claims under the Texas Constitution. Plaintiff also filed a claim under the Texas Debt Collection Act which was asserted against "the Lender."[2] *See* Plaintiff's Original Petition in *Hannaway v. Deutsche*, No. D-1-GN-10-317 (419th Dis. Ct., Travis County, Tex. Sept. 2, 2010), Exhibit 1 to Defendant's Notice of Removal. In sum, Plaintiff alleges that Deutsche made material false representations to Plaintiff and failed to disclose material facts in order to induce her into executing the Loan. The Petition further alleges that Deutsche violated the Texas Constitution by leaving blanks on documents, failing

---

[2]Plaintiff refers to Fremont as the "Lender."

to provide her with copies of all Loan documents, and by making an extension of credit to Plaintiff that exceeded 80% of the fair market value of the Plaintiff's homestead on the date the extension of credit was made.

On September 28, 2010, Deutsche removed this case to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441. *See* Clerk's Docket No. 1.  On December 7, 2010, Plaintiff filed her First Amended Complaint against Deutsche again alleging common law fraud, negligent misrepresentation, and claims under the Texas Debt Collection Act (this time alleged against Defendant) and the Texas Constitution.  In addition, Plaintiff alleges that Deutsche is not "a holder in due course" of the Loan Note and thus may not enforce the Note.  In addition to monetary damages, Plaintiff seeks declaratory relief and ask the Court to declare that Deutsche is not entitled to enforce the Note and requests that the Court permanently enjoin Deutsche from taking any action to do so.

Deutsche has now filed the instant Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's Texas Constitutional, fraud and negligent misrepresentation claims should be dismissed because they are barred by statutes of limitation. Plaintiff responds that the statutes of limitation with regard to these claims should be tolled under the discovery rule and/or the doctrine of fraudulent concealment.  The Court will now address these arguments.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as

true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).  To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.  ANALYSIS

Deutsche argues that Plaintiff's state constitutional, fraud and negligent misrepresentation claims are barred by the applicable statutes of limitation and should therefore be dismissed from this lawsuit.  In a diversity case, such as this, in which the causes of action arise under Texas law, federal courts apply Texas statutes of limitation, along with any accompanying rules regarding accrual and tolling. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir.) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)), *cert. denied*, 522 U.S. 817 (1997).  It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims. *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp.2d 681, 688 (E.D. Tex. 2009).  Generally, in Texas, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident*

4

*Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996)).  The Court will now address each of Plaintiff's claims separately to determine whether they are barred by limitations.

**A.**     **Texas Constitutional Claims**

Plaintiff's First Amended Complaint alleges that Deutsche violated article XVI, section 50(a)(6) of the Texas Constitution by: failing to provide her with copies of all documents she signed related to the Loan, extending credit that exceeded 80% of the fair market value of her homestead on the day the extension of credit was made, and by leaving blanks on instruments related to her Loan.  *See* Tex. Const. art. XVI, §§ 50(a)(6)(Q)(v), 50(a)(6)(B), 50(a)(6)(Q)(iii).  Defendant contends that these claims are barred by a four-year statute of limitations.

Although article XVI, section 50(a)(6) of the Texas Constitution does not contain a statute of limitations, the four-year statute of limitations contained in § 16.051 of the Texas Civil Practice and Remedies Code applies to these claims.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008) (when no corresponding action expressly listed within statutes, residual four-year statute of limitations applies); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App.– Dallas 2008, no pet.) (same).  Because the accrual date for Plaintiff's claims have not been defined by statute, the Court must determine when Plaintiff's claims accrued in this case.  *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (noting when the accrual date is not contained in the statute, the courts are charged with the responsibility of articulating the rules governing accrual).

According to the Texas Supreme Court, "a cause of action accrues when a  wrongful act causes some legal injury."  *S.V.*, 933 S.W.2d at 4.  This is the case "even if the fact of injury is not discovered until later" and "if all resulting damages have not yet occurred." *Id.*; *see also, XCO Prod.*

5

*Co. v. Jamison*, 194 S.W.3d 622, 634 (Tex. App.– Houston [14th Dist.] 2006, pet. denied) ("Stated another way, a cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury.").  In cases involving challenges to home equity loans as in the instant case, courts have held that the four-year statute of limitations applicable to Texas constitutional claims should be calculated from *the date of the closing on the home equity loan.*  See *Johnson v. Deutsche Bank National Trust Co.*, 2010 WL 4962897 at * 4 (S.D. Tex. Dec. 1, 2010) (holding that the four-year statute of limitations applied to Plaintiff's state constitutional claim regarding home valuation and accrued at loan closing);  *In re Ortegon,* 398 B.R. 431, 439-440 (Bankr. W.D. Tex. 2008) (holding that Texas constitutional claim based accrued at loan closing on the home equity loan); *Schanzle v. JPMC Specialty LLC,* 2010 WL 5019698 at * 3 (Tex. App.– Austin Dec. 9, 2010, no pet.) (finding that limitations period applicable to constitutional claim in home equity case should be calculated from the date of the closing on the loan);  *Rivera*, 262 S.W.3d at 840 (rejecting borrowers' argument that the cause of action did not accrue until the "maturity date of the last note, obligation, or installment," and holding that the legal injury occurred when the loan was made in violation of the home equity statute, which was the date when the loan closed").   Thus, unless an exception to the legal injury rule applies in this case, the four-year limitations period on Plaintiff's constitutional claims began to run on August 29, 2006, when Plaintiff closed on the Loan. Thus, Plaintiff had until August 29, 2010, to file her Texas constitutional claims in this case.  Because Plaintiff did not file these claims until September 2, 2010, these claims are barred by limitations unless the discovery rule applies to defer the accrual date in this case.

Plaintiff argues that the statute of limitations should be tolled pursuant to the discovery rule because "Plaintiff had no way to discover alleged fraudulent activity and subsequent injury prior to filing suit because Lenders agents (loan seller, mortgage broker, appraiser, title agent) concealed material information and such information was not discoverable through the exercise of due diligence." Plaintiff's First Amended Complaint at ¶18.  In addition, Plaintiff contends that she "had no experience with Texas home equity loan at that time and was completely unfamiliar with the laws regarding the same" and that she "relied exclusively upon the representations of the Lender and its agents to the effect that the loan was lawful and proper."  Plaintiff's First Amended Complaint at ¶19.  Thus, she contends that the limitations should be tolled in this case. The Court disagrees.

First, Plaintiff's "ignorance of the law" arguments are not compelling since ignorance is not a valid reason to apply the discovery rule; rather, "the discovery rule applies to the knowledge of facts on the part of the appellant as opposed to a *knowledge of the law*." *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App.– Beaumont 1994, writ denied) (emphasis added).  Under Texas law, the discovery rule is a limited exception to the general rule that a cause of action accrues when a wrongful act causes some legal injury. *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008). The rule provides that the statute of limitations will run "not from the date of the [defendant's] wrongful act or omission, but from the date the nature of the injury was or should have been discovered by the plaintiff." *Weaver v. Witt*, 561 S.W.2d 792, 793-94 (Tex. 1977). The discovery rule tolls the statute of limitations only if the injury is both inherently undiscoverable and objectively verifiable.  *K3C Inc. v. Bank of Am. ., N.A.*, 204 Fed. Appx. 455, 462 (5th Cir. 2006) (per curiam) (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).  An injury is inherently undiscoverable if, by its very nature, it is unlikely to be discovered within the applicable

limitations period notwithstanding the exercise of due diligence. *S.V.*, 933 S.W.2d at 7. "Inherently undiscoverable" does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. *Id.* Instead, a court determines whether the plaintiff's general type of injury is inherently undiscoverable on a categorical basis. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001) (citing *S.V.*, 933 S.W.2d at 6). Lastly, it is important to note that the discovery rule delays the statute of limitations *only* until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of action: "It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action. Once [a claimant learns] that she [has] been injured, the burden [is] on her to determine whether she should file suit." *Colonial Penn Ins. v. Market Planners Ins. Agency Inc.*, 157 F.3d 1032, 1034 (5th Cir. 1998) (quoting *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. App.– San Antonio 1985, writ dism'd.)); *see also, DBMS Investments, L.P. v. Exxonmobil Corp.*, 2009 WL 1974646 at * 6 (Tex. App.– Corpus Christi June 11, 2009, pet. denied) ("[A] plaintiff who invokes the discovery rule must have sought information about his injuries and their likely cause once apprised of facts that would prompt a reasonably diligent person to make an inquiry that would lead to discovery of the cause of action."); *Seibert v. General Motors Corp.*, 853 S.W.2d 773, 777 (Tex. App.– Houston [14th Dist.] 1993, no writ) ("Texas law makes it clear that it is the discovery of the injury, and not the discovery of the cause of action, which starts the running of the clock....").

The Court finds that the discovery rule does not toll the limitations period in this case because the alleged constitutional violations are not the type of injuries which are "inherently undiscoverable." Again, Plaintiff alleges that the Lender violated the Texas Constitution by failing

to provide her with copies of all documents she signed related to the her Loan, by extending credit that exceeded 80% of the fair market value of her homestead on the day the extension of credit was made and by leaving blanks on the Loan instruments.  Plaintiff contends that she "had no way to discover that the appraiser, Lender, and mortgage broker were inducing her into a transaction that Plaintiff alleged did not and could not meet normal underwriting standards for a residential mortgage." Plaintiff's Response at ¶ 33.  Despite Plaintiff's claims to the contrary, all of her allegations are based upon information which was available to Plaintiff at the time she entered into the original Loan.[3]

First, Plaintiff would have been aware at the time she closed on the Loan if she had not been provided copies of the documents and if blanks were left on some of the documents.  *See A.I. Credit Corp. v. Thomas,* 2006 WL 282598 at * 235-6 (5ᵗʰ Cir. Sept. 28, 2006) (holding that plaintiff alleging violations of Texas insurance statutes, breach of fiduciary duty, negligent misrepresentation, conspiracy and promissory estoppel, was put on notice of his injury as of the date he signed the promissory note and thus discovery rule did not apply); *In re Ortegon*, 398 B.R. at 441 (noting that plaintiff was put on notice to her claim that home equity loan violated Texas Constitution by signing several loan documents that contained warnings about signing documents containing blanks).  In addition, Plaintiff signed the Texas Home Equity Adjustable Rate Rider in conjunction with the home equity loan which clearly and unambiguously stated that the initial interest rate would be 8.2%,

---

[3]Plaintiff alternatively argues that the "her claims are not barred by the statute of limitations because the statute of limitations did not begin to run until April 3, 2008, when the original lender modified the note." First Amended Complaint at ¶ 21.  However, Plaintiff fails to provide the Court with any support for this argument. All of Plaintiff's allegations in this case relate to the Original Loan transaction in this case, not the loan modification agreement. *See* First Amended Complaint.

but that the rate could change (every six months beginning on September 1, 2008) from 8.2% to 14.2%. *See* Exhibit B to Plaintiff's Response.  A cursory review of the Loan documents would have alerted Plaintiff to the fact that her loan was an adjustable rate mortgage.

Moreover, Plaintiff was also aware of or could have easily become aware of the fair market value of her home at the time she closed on the Loan with little effort.  As Plaintiff stated in her First Amended Complaint, Plaintiff "believes her house was worth less than the $195,000" reported by Travis County for the year 2006.  Plaintiff's First Amended Complaint at ¶ 26.  Plaintiff further added that her house "was in need of some major repairs which is partly the reason she sought out a home equity loan." *Id.*  Thus, Plaintiff was clearly aware of the condition of her home and could have easily accessed comparable home values from local real estate agents, county property tax sites, *etc*. *See  Johnson*, 2010 WL 4962897 at * 5 (holding that discovery rule did not apply to plaintiff's constitutional claim on home valuation where plaintiff had access to home audit at the time of closing).  Thus, information regarding the fair market value of Plaintiff's home was not inherently undiscoverable.  *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001) (ruling that plaintiffs' injury was "the type that could have been discovered with reasonable diligence" and that "therefore the discovery rule does not apply to defer accrual of their claims."); *HECI Exploration Co.*, 982 S.W.2d at 887 (holding that "filings and other materials publicly available from the Railroad Commission are a ready source of information, and a cause of action for failure to provide that same information is not inherently undiscoverable.").  Based upon the foregoing, the Court finds that the discovery rule does not apply in this case to toll the statute of limitations.  Therefore, Plaintiff's claims under the Texas Constitution are time-barred.

**B.**     **Plaintiff's Fraud Claim**

Plaintiff's First Amended Complaint alleges that Deutsche made material false representations to Plaintiff to induce her into the loan transaction.  Specifically, Plaintiff alleges that the home appraisal used "was intentionally inflated to increase the loan value which increased the fees to Lender and Lender's agents in connection with the Loan and induced Plaintiff to enter into the home equity loan transaction." Plaintiff's First Amended Complaint at ¶ 44.  Plaintiff further alleges that "the Lender's sole purpose in executing the loan was to collect fees, rebates, kickbacks and profits that were never disclosed to Plaintiff and only recently been discovered by Plaintiff through consultation with experts." Plaintiff's First Amended Complaint at ¶ 45.  Deutsche argues that Plaintiff's fraud claim should be dismissed because (1) it is barred by limitations and (2) Plaintiff fails to allege that Deutsche or any of its representatives made any misrepresentation to Plaintiff.  The Court need not address Defendant's second argument because the Court finds that the Plaintiff's fraud claim is barred by limitations.

In Texas, common law fraud claims are subject to a four-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4).  Like Plaintiff's constitutional claims, her common law fraud claim accrued on the date of the closing of the Loan in this case.  *See Grant-Brooks v. Wilshire Credit Corp.*, 2004 WL 1194462 at * 4 (N.D. Tex. May 27, 2004) (holding that  Plaintiffs should have known about fraud claim on the date of the loan closing).  Thus, Plaintiff was  required to file her fraud claim on or before August 2010.  Plaintiff argues that the limitations period for her fraud claim should be tolled under the doctrine of fraudulent concealment.

Under the fraudulent concealment doctrine, "accrual is deferred because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has

11

run." *S.V.*, 933 S.W.2d at 6.  In such cases, the limitations period is tolled "until such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action." *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999); *See also, Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974) (noting that, in an instance of fraudulent concealment, "the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered"). "Notably, this is the same standard that applies to the discovery rule." *Trousdale v. Henry*, 261 S.W.3d 221, 235 (Tex. App.– Houston [14 Dist.] June 24, 2008, pet. filed).

For the same reasons as discussed above with regard to the discovery rule, the statute of limitations should not be tolled in this case with regard to Plaintiff's fraud claim under the doctrine of fraudulent concealment.  Plaintiff was aware or should have been aware of the facts underlying her fraud claim at the time she closed on the Loan.  Thus, Plaintiff was required to have filed her fraud claim on or before August 29, 2010.  Because Plaintiff did not file her fraud claim until September 2, 2010, it is time-barred and should be dismissed.

## C.   Plaintiff's Negligent Misrepresentation Claim

Plaintiff has also asserted a negligent misrepresentation claim against Deutsche in this case. Plaintiffs' First Amended Complaint alleges that "the Lender" failed to advise Plaintiff that the Loan was not in her best interest; the adjustable rate mortgage was an inter-temporal transaction on which Plaintiff had only qualified on the initial "teaser" fixed rate; and that Plaintiff would not be able to meet her financial obligation on the loan given her income and expense history.  Deutsche argues that this claim is also barred by limitations.  The Court agrees.

12

In Texas, the statute of limitations for negligent misrepresentation claims is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (Vernon Supp. 2010); *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). Because Plaintiff's allegations supporting her negligent misrepresentation claim are based on the original loan closing her claims should have been filed by April 2008 at the latest. Because Plaintiff did not file her negligent misrepresentation claim until September 2, 2010, it is time-barred.

Because Plaintiff was aware or should have been aware of the facts underlying their negligent misrepresentation claim at the time she initially closed on the Loan limitations period should not be tolled in this case under either the discovery rule or under the doctrine of fraudulent concealment.[4] As discussed above, a quick review of her loan documents would have alerted her to the fact that the Loan had an adjustable rate and the correlating rate of the Loan. Accordingly, Plaintiff's negligent misrepresentation claim is time-barred and should be dismissed.

## IV. RECOMMENDATION

The Magistrate Judge **HEREBY RECOMMENDS** that the District Court **GRANT** Defendant Deutsche Bank National Trust Company's Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Clerk's Docket No. 19) and **DISMISS** Plaintiff's Texas Constitutional, fraud and negligent misrepresentation claims *with prejudice.*

---

[4]It should be noted that in *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1372 (5th Cir. 1994), the Fifth Circuit held that the discovery rule does not apply to negligent misrepresentation claims finding that the Texas courts classify such a cause of action "as a negligent tort rather than a fraud action." A few years later, however, the Fifth Circuit stated that "It is unclear whether the discovery rule tolls the Texas statute of limitations for negligent misrepresentation claims." *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 570 (5th Cir. 2003). This uncertainty does not have an effect on this case however since the Court finds that the discovery rule would not apply to the facts of this case.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of March, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE